# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN GEE<br>4242 Ethel Rd.<br>Obetz, Ohio 43207<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>ADVANCED GAUGING<br>TECHNOLOGIES, LLC.<br>8430 Estates Ct.<br>Plain City, OH 43064<br><br><br>　　　　Defendant. | CASE NO. 2:19-cv-823<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Kevin Gee ("Plaintiff") and proffers this Complaint for damages against Defendant Advanced Gauging Technologies ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111 and R.C. 4113.52.. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, Plaintiff

performed his job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

3. Plaintiff was an "employee" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

4. Defendant is an "employer" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

## THE PARTIES

5. Plaintiff is a natural person residing in Franklin County, Ohio.

6. Defendant Advanced Gauging Technologies, LLC is an Ohio limited liability company registered to do business in the Southern District of Ohio.

7. Defendant conducts business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

## FACTUAL BACKGROUND

8. Plaintiff began working for Defendant in or around August of 2015 and remained employed until his termination on February 4, 2019.

9. Defendant is in the business of providing, servicing and developing non-contact thickness gauges in the metals industry. Its thickness measurement systems are used to ensure quality and specifications for steel, aluminum, copper, brass and other alloys. It predominantly produced laser and isotope gauges for use in rolling mills, service centers, processing plants, OEMs, mills and fabricators.

10. Plaintiff was employed as a Field Technician, responsible for traveling to different facilities to test and maintain Defendant's laser and isotope gauges, along with other products produced by Defendant.

11. Plaintiff traveled frequently, both domestically and internationally, as part of his job duties.

12. As a Field Technician, Plaintiff's job duties are such that he does not fall within an exemption to the FLSA.

13. Plaintiff was misclassified as an exempt employee and was therefore not provided the protections and benefits he is entitled to pursuant to the FLSA.

14. As a non-exempt employee, Plaintiff must be paid at least one and one-half his regular hourly rate of pay, for all hours worked over 40 hours in a workweek.

15. Plaintiff was not paid overtime for any of the hours he worked over 40 hours in a workweek.

16. Plaintiff has worked over 40 hours per week for almost the entirety of his employment with Defendant.

17. One week before his termination, Plaintiff sent an email to his superiors, , raising concerns about the fact that he had been repeatedly instructed to violate the law and lie to customs officials during business trips to Canada.

18. Plaintiff reasonably believed that lying to a border official about his whereabouts and what he was bringing into the country was considered fraud and a violation of immigration laws.

19. Plaintiff was required to obtain a work visa for each specific client and/or facility he intended to visit in Canada.

20. Plaintiff was instructed to lie to border officials about where he would be going while in Canada and was instructed to lie about what he would be bringing into the country.

21. Plaintiff believed that doing this, in and of itself, is a violation of the law and could subject not only Plaintiff to civil and criminal liability, but also could subject Defendant to civil and criminal liability.

22. Plaintiff was not willing to lie any longer and voiced his concerns regarding this in his email.

23. Defendant did not respond to Plaintiff, and no mention of the email was ever made to him.

24. Plaintiff engaged in protected activity pursuant to Ohio's whistleblower statute by reporting his concerns in writing, via email, and raising concerns about the fact that he was asked to violate the law, including stating that he was no longer willing to violate the law at the behest of his employer.

25. Plaintiff was terminated one week later on or about February 4, 2019.

26. Defendant offered no legitimate reason for the termination, as one does not exist.

27. The very close temporal proximity between Plaintiff's email and his termination is evidence that Plaintiff was terminated because of his complaints and because of his refusal to continue to violate the law at the request of his employer.

## COUNT I
## FLSA – Unpaid Overtime

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

30. At all times relevant herein, Plaintiff was employed as Field Technician, an hourly, non-exempt position.

4

31. Defendant misclassified Plaintiff as exempt.

32. Plaintiff routinely worked in excess of forty hours per week.

33. Plaintiff should have been paid the overtime premium for hours worked in excess of forty hours per week.

34. Defendant knew or should have known of the overtime payment requirement of the FLSA.

35. During the entire duration of Plaintiff's employment, Defendant knowingly and willfully failed to pay Plaintiff the overtime wages he was due.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
## O.R.C. 4111.03 – Unpaid Overtime

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. This claim is brought under Ohio Law.

39. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was a violation of Section 4111.03 of the Ohio Revised Code.

40. For the Defendant's violations of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio Law.

## COUNT III
## O.R.C. 4112.15– Unpaid Wages

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

43. Defendant did not pay Plaintiff for the hours he worked in excess of 40 in a workweek because he was misclassified as exempt when his position was specifically non-exempt.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's conduct.

## COUNT IV
### O.R.C. § 4111.02 OMFWSA- Failure to Pay Minimum Wage

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought pursuant to the Ohio Minimum Fair Wage Standards Act.

47. Section 4111.02 of the Ohio Revised Code requires an employer to pay its employees at a wage rate not less than the minimum wage rate set forth in the Ohio Constitution.

48. Plaintiff performed work for Defendant but was not paid for all work he performed while employed by Defendant, as Plaintiff regularly performed work in excess of a 40-hour workweek.

49. Defendant's knowing failure to pay minimum wage to Plaintiff was, and continues to be, a violation of the OMFWSA.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's willful failure and refusal to pay minimum wage.

## COUNT V
### FLSA – Failure to Pay Minimum Wage

51. All of the preceding paragraphs are realleged as if fully rewritten herein.

52. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

53. At all times relevant herein, Plaintiff was employed by Defendant, misclassified as an exempt employee.

54. Defendant refused to pay Plaintiff for hours worked in excess of the 40-hour workweek, as Plaintiff was entitled to as a non-exempt, hourly Field Technician.

55. Defendant was or should have been aware that it failed to pay Plaintiff minimum wage for each hour worked.

56. Defendant's repeated and knowing failure to pay minimum wage to Plaintiff was a violation of the FLSA.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as a result of Defendant's willful failure and refusal to pay minimum wage.

## COUNT VI
### Ohio Whistleblower Protection Act – R.C. 4113.52

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. Throughout his employment with Defendant, Plaintiff was routinely asked to lie to border officials about where he was going, to avoid applying for multiple visas and was asked to lie about what he was bringing in to the country.

60. Plaintiff reasonably believed that Defendant was violating the law and was asking him to violate the law.

61. Plaintiff reasonably believed that the violation(s) constituted a felony or criminal offense.

62. Plaintiff reported this, in writing, to Defendant, approximately one week prior to his termination. Several of Plaintiff's superiors were copied on this email.

63. Defendant failed to take any action to timely investigate or prevent the illegal activity from occurring. In fact, Defendant asked Plaintiff to specifically do things that he believed were illegal.

64. At all times material herein, Defendant's conduct in this matter was deliberate.

65. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic damages, including but not limited to, the loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

WHEREFORE, Plaintiff demands:

    For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front

pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $125,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
(Rachel@TheFriedmannFirm.com)
(Pete@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
(614) 610-9757: Phone
(614) 737-9812: Fax

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (0089226)