/  5/6/2019   J:\JK\Gee, Kevin\Pleadings\Answer of Defendants.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN GEE, | ) | CASE NO. 2:19-CV-823 |
| | ) | |
| Plaintiff | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| ADVANCED GAUGING TECNOLOGIES | ) | |
| LLC. | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| Defendant | | |

Defendant Advanced Gauging Technologies LLC ("AGT") for its Answer to the Complaint, by its attorneys, states as follows:

1. Defendant admits that this Court has jurisdiction over Counts I, II, III, IV and V and venue is proper, but denies the allegations contained in paragraph 1 of the Complaint for the exercise of supplemental jurisdiction over Count VI.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendants admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was employed as a Field Service Technician and a Technical Sales Specialist and that his responsibilities included travel to customer sites and prospect sites throughout North America and that his duties involved the exercise of discretion and independent judgment including equipment inspection, maintenance checks, repairs, calibration, leak tests and making recommendations and assisting with decisions regarding current and future products, services and marketing involving laser and isotope gauges and other products manufactured by AGT, but deny for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff traveled frequently throughout the United States and Canada as part of his job duties, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 11 of the Complaint.

12. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 12 of the Complaint.

13. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 13 of the Complaint.

14. Defendant admits that if Plaintiff qualifies as a non-exempt employee he is entitled to be paid an overtime premium for all hours worked over 40 hours in a work week, but denies each and every remaining allegation contained in paragraph 14 of the Complaint.

15. Defendant states that Plaintiff was paid a fixed salary plus additional compensation pursuant to a clear mutual understanding for hours that the Plaintiff worked, and therefore denies each and every remaining allegation contained in paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff was scheduled to work more than 40 hours for numerous work weeks during his employment with Defendant, but denies each and every remaining allegation contained in paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff sent an e-mail to management level employees on January 25, 2019 that was negative about a number of aspects of AGT and that he alleged that he had been instructed to lie to Canadian immigration authorities, but Defendant denies the statements made by the Plaintiff in that e-mail, and therefore denies each and every remaining allegation contained in paragraph 17 of the Complaint.

18. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 18.

19. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 19 of the Complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in paragraph 23 of the Complaint.

24. Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff's employment was terminated for cause, effective February 4, 2019, but denies each and every remaining allegation contained in paragraph 25, and further states that Plaintiff failed to report for work after January 25, 2019.

26. Defendant denies each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

## ANSWER TO COUNT I

28. Defendant incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 27 as its answer to paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff was employed as a Field Service Technician and a Technical Sales Specialist during his employment with Defendant, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in paragraph 31 of the Complaint.

32. Defendant states that Plaintiff was scheduled to work in excess of 40 hours per week for numerous weeks during his employment, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 32 of the Complaint.

33. Defendant states that Plaintiff was paid a fixed salary plus additional compensation throughout his employment with Defendant and therefore denies for want of knowledge or information sufficient to form a belief as to the truth thereof each and every remaining allegation contained in paragraph 33 of the Complaint.

34. Defendant admits that it is required to be informed about the FLSA but denies each and every remaining allegation contained in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

## ANSWER TO COUNT II

37. Defendant incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 36 as its answer to paragraph 37 of the Complaint.

38. Defendant admits the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

## ANSWER TO COUNT III

41. Defendant incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 40 as its answer to paragraph 41 of the Complaint.

42. Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in paragraph 44 of the Complaint.

## ANSWER TO COUNT IV

45. Defendant incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 44 as its answer to paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in paragraph 46 of the Complaint.

47. Defendant admits the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies each and every allegation contained in paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in paragraph 50 of the Complaint.

## ANSWER TO COUNT V

51. Defendant incorporates by reference as if fully restated herein, each and every admission, denial and averment contained in paragraphs 1 through 50 as its answer to paragraph 51 of the Complaint.

52. Defendant admits the allegations contained in paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff was employed as a Field Service Technician and Technical Sales Specialist and that Plaintiff was paid a fixed salary plus additional compensation pursuant to a clear mutual understanding, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in paragraph 56 of the Complaint.

57. Defendant denies each and every allegation contained in paragraph 57 of the Complaint.

## ANSWER TO COUNT VI

58. Defendant incorporates by reference as if fully restated herein each and every admission, denial and averment contained in paragraphs 1 through 57 as its answer to paragraph 58 of the Complaint.

59. Defendant denies each and every allegation contained in paragraph 59 of the Complaint.

60. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 60 of the Complaint.

61. Defendant denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every allegation contained in paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff sent an e-mail dated January 25, 2019 to management level employees of the Defendant, but denies for want of knowledge or information sufficient to form a belief as to the truth thereof, each and every remaining allegation contained in paragraph 62 of the Complaint.

63. Defendant denies each and every allegation contained in paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in paragraph 64 of the Complaint.

65. Defendant denies each and every allegation contained in paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's state law claims in Count II, III and IV are preempted by Plaintiff's claims under the FLSA.

2. Plaintiff's state law claims in Counts II, III and IV are barred by Plaintiff's election of remedies.

3. Upon information and belief, Plaintiff has failed to exhaust requisite administrative remedies.

4. All of part of Plaintiff's claims are barred by the expiration of the applicable statute of limitations.

5. Plaintiff's claims are barred by Plaintiff's clear mutual understanding with Defendant regarding his compensation.

6. Plaintiff's equitable claims are barred by waiver, laches, unclean hands, and estoppel.

7. Upon information and belief, Plaintiff has failed to take prompt and appropriate action to mitigate his alleged damages.

8. Defendant acted in good faith at all times relevant to the claims at issue.

9. All or part of Plaintiff's job duties qualified as administrative and/or outside sales and service, and therefore are exempt from overtime.

10. Plaintiff's claims are barred because the time periods for which he claims entitled to overtime are excluded from measured working time and are not hours worked pursuant to 29 U.S.C. § 254.

11. Plaintiff's claims are barred because the time periods for which he claims entitlement to overtime pay are *de minimis*.

12. Plaintiff's claims are barred because any act, event, or omission giving rise to Plaintiff's allegations was not integral or indispensable to Plaintiff's principal activities.

13 Some of all of Plaintiff's claims are barred by statutory exemptions, exclusions, exceptions, off-sets, or credits under the FLSA.

14. Plaintiff's claims are barred as to all hours during which he was engaged in activities that were preliminary or postliminary to his principal activities.

15. Plaintiff's claims are barred or subject to offset or reduction to the extent his wages were intended to compensate him for all hours worked each week, regardless of the number of hours worked in a particular workweek.

16. Plaintiff's claims are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

17 Plaintiff's claims are barred, in whole or in part, because defendant acted in good faith and had reasonable grounds for believing that its pay practices were proper and had no willful intent to deprive Plaintiff compensation.

18. Plaintiff is not entitled to any equitable relief or damages, as a matter of law.

19. Plaintiff is not entitled to liquidated damages, as a matter of law.

20. Plaintiff is not entitled to attorney fees, as a matter of law.

21. Plaintiff's alleged damages are speculative and unavailable as a matter of law.

22. Plaintiff has failed to state a claim upon which relief can be granted as all or part of Plaintiff's claims.

23. Defendant reserves the right to seek leave to amend or add any additional affirmative or other defenses that may become known, available or apparent during the course of discovery or trial.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with prejudice.

## JURY DEMAND ENDORSEMENT

Defendant demands a trial by jury composed of the maximum number of jurors allowable by law.

Respectfully submitted,

/s/ John S. Kluznik
JOHN S. KLUZNIK (0017473)
JKluznik@westonhurd.com
JOSHUA M. MIKLOWSKI (0085690)
JMiklowski@westonhurd.com
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 6, 2019, the foregoing Answer of Defendant was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ John S. Kluznik